UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br><br>ARCHDIOCESE OF MILWAUKEE,<br><br>Debtors, | Chapter 11<br><br>Bankruptcy Case No. 11-20059-SVK<br><br>(Jointly Administered) |
| Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust, on behalf of itself and its beneficiaries,<br><br>Plaintiffs,<br><br>v.<br><br>Official Committee of Unsecured Creditors,<br><br>Defendant. | Adv. No. 11-02459 |

**STIPULATION REGARDING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' STANDING TO DEFEND THE ADVERSARY PROCEEDING, BRING AVOIDANCE CLAIMS RELATED TO THE ADVERSARY COMPLAINT, AND LITIGATE AND PROPOSE OR ACCEPT A SETTLEMENT OF THE ADVERSARY PROCEEDING, OR PART THEREOF**

The Archdiocese of Milwaukee (the "Debtor"), the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust (the "Trust" or the "Plaintiff"), and the Official Committee of Unsecured Creditors (the "Committee," and collectively with the Debtor and the Trust, the "Parties") hereby state and stipulate as follows (the "Stipulation"):

**RECITALS**

A. Whereas, on June 28, 2011, the Trust commenced the above-referenced adversary proceeding (the "Adversary Proceeding") by filing a complaint against the Committee, which asserts declaratory relief claims that the Trust is not property of the Debtor's estate, that funds

WHD/8079708.5

designated for Perpetual Care of the Milwaukee Catholic Cemeteries are not property of the Debtor's estate, and for such other relief as the Court deems just and appropriate (the "Complaint");[1] and

B.  Whereas, the Committee believes there are valid defenses to the Complaint, including potential counterclaims and affirmative defenses under 11 U.S.C. §§ 544, 547, 548, 549, and 550 and Wisconsin law that directly relate to the property in dispute (the "Avoidance Claims"); and the Committee has analyzed those Avoidance Claims and provided its analysis to the Debtor; and the Committee has also analyzed potential counterclaims and affirmative defenses other than the Avoidance Claims (the "Non-Avoidance Claims"); and

C.  Whereas, the Debtor has analyzed the Complaint, Avoidance Claims and Non-Avoidance Claims and does not dispute the arguments of the Trust as asserted in the Complaint and does not agree with the Committee's analysis; and

D.  Whereas, the Debtor also believes it and/or its officers and directors may have the duty under applicable state law and canon law to use the funds that comprise the Trust for the purposes intended by the donors or contributors of those funds which is inconsistent with the Committee's position on the Complaint; and

E.  Whereas, the Parties believe the Committee, not the Debtor, is in the best position to defend the allegations in the Complaint and pursue the Avoidance Claims and Non-Avoidance Claims.

## STIPULATION

Consistent with the foregoing recitals set forth in paragraphs A through E, above, it is agreed and stipulated between the undersigned as follows:

---

[1] Capitalized terms not defined herein shall have the same meaning as that ascribed to the in the Complaint.

1. The Debtor is not required to assert any Avoidance Claims or Non-Avoidance Claims against the Trust.

2. The Committee may defend the allegations in the Complaint on behalf of the Debtor's estate.

3. The Committee is granted derivative standing to assert and litigate the Avoidance Claims against the Trust for the benefit of the Debtor's estate, including, but not limited to, any Avoidance Claims that, if not for the Court's order approving this Stipulation, the Committee would not have had standing to bring because those Avoidance Claims belong to the Debtor's estate.

4. The Committee is the party authorized to propose or accept a settlement of this Adversary Proceeding, or part thereof, by entering into a settlement agreement, subject to Court approval pursuant to Federal Rule of Bankruptcy Procedure 9019.

5. The Debtor is not foreclosed from objecting to any proposed settlement of this Adversary Proceeding, or any part thereof.

6. Any Court determination in this Adversary Proceeding is binding as to the Debtor and its estate notwithstanding that the Committee is currently the only defendant to this Adversary Proceeding.

7. Nothing contained in this Stipulation prohibits the Debtor from participating in this Adversary Proceeding pursuant to the Federal Rules of Bankruptcy Procedure.

3

WHD/8079708.5

Case 11-02459-svk    Doc 11    Filed 09/01/11    Page 3 of 6

Dated at Milwaukee, Wisconsin this **1ST** day of September, 2011.

                                              ARCHDIOCESE OF MILWAUKEE
                                              Debtor and Debtor-in-Possession
                                              By its counsel,
                                              Whyte Hirschboeck Dudek S.C.

                                              By: _____
                                                  Daryl L. Diesing
                                              State Bar No. 1005793
                                              Bruce G. Arnold
                                              State Bar No. 1002833
                                              Michael E. Gosman
                                              State Bar No. 1078872

POST OFFICE ADDRESS:
555 East Wells Street, Suite 1900
Milwaukee, WI 53202
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
E-mail: ddiesing@whdlaw.com
        barnold@whdlaw.com
        mgosman@whdlaw.com

Dated at Milwaukee, Wisconsin this 31st day of August, 2011.

                              GODFREY & KAHN, S.C.

By: _____
    Timothy F. Nixon
    William E. Duffin
    780 North Water Street
    Milwaukee, WI 53202-3590
    Phone: (414) 273-3500
    Fax: (414) 273-5198
    Email: tnixon@gklaw.com
             weduffin@gklaw.com

*Attorneys for Plaintiff, Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust*

5

WHD/8079708.5

Case 11-02459-svk   Doc 11   Filed 09/01/11   Page 5 of 6

Dated at Los Angeles, California this  1st  day of ~~August,~~ September 2011.

                                     PACHULSKI STANG ZIEHL & JONES LLP

                               By: /s/ Gillian Brown
                                     James I. Stang (CA Bar No. 94435)
                                     Kenneth H. Brown (CA Bar No. 100396)
                                     Gillian N. Brown (CA Bar No. 205132)
                                     10100 Santa Monica Blvd., 13th Floor
                                     Los Angeles, CA 90067
                                     Tel: (310) 277-6190
                                     Fax: (310) 201-0760
                                     E-mail: jstang@pszjlaw.com
                                                                   kbrown@pszjlaw.com
                                                                   gbrown@pszjlaw.com

                                     -and-

                                     Albert Solochek
                                     (State Bar No. 1011075)
                                     Jason R. Pilmaier
                                     (State Bar No. 1070638)
                                     Howard, Solochek & Weber, S.C.
                                     324 East Wisconsin Ave., Suite 1100
                                     Milwaukee, WI 53202
                                     Tel: (414) 272-0760
                                     Fax: (414) 272-7265
                                     E-mail: asolochek@kswmke.com
                                                                 jpilmaier@kswmke.com

                                     *Attorneys for the Committee of*
                                     *Unsecured Creditors*