THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 02, 2011

Honorable Susan V. Kelley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ARCHDIOCESE OF MILWAUKEE, | ) | Bankruptcy Case No. 11-20059-SVK |
| Debtors, | ) | (Jointly Administered) |
| Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust, on behalf of itself and its beneficiaries, | ) | |
| Plaintiffs, | ) | Adv. No. 11-02459 |
| v. | ) | |
| Official Committee of Unsecured Creditors, | ) | |
| Defendant. | ) | |

**ORDER APPROVING STIPULATION REGARDING THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS' STANDING TO DEFEND THE ADVERSARY
PROCEEDING, BRING AVOIDANCE CLAIMS RELATED TO THE ADVERSARY
COMPLAINT, AND LITIGATE AND PROPOSE OR ACCEPT A SETTLEMENT OF
THE ADVERSARY PROCEEDING, OR PART THEREOF**

Albert Solochek (State Bar No. 1011075)
HOWARD, SOLOCHEK & WEBER, S.C.
324 E. Wisconsin Ave., Suite 1100
Milwaukee, WI 53202
Telephone: (414) 272-0760
Facsimile: (414) 272-7265
E-mail: asolochek@hswmke.com

This matter having come before the Court on the Stipulation Regarding the Official Committee of Unsecured Creditors' Standing to Defend the Adversary Proceeding, Bring Avoidance Claims Related to the Adversary Proceeding, and Litigate and Propose or Accept a Settlement of the Adversary Proceeding, or Part Thereof, filed by The Archdiocese of Milwaukee (the "Debtor"), the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust (the "Trust" or the "Plaintiff"), and the Official Committee of Unsecured Creditors (the "Committee," in the above-referenced adversary proceeding,[1]

IT IS HEREBY ORDERED:

1. The Debtor is not required to assert any Avoidance Claims or Non-Avoidance Claims against the Trust.

2. The Committee may defend the allegations in the Complaint on behalf of the Debtor's estate.

3. The Committee is granted derivative standing to assert and litigate the Avoidance Claims against the Trust for the benefit of the Debtor's estate, including, but not limited to, any Avoidance Claims that, if not for the Court's order approving this Stipulation, the Committee would not have had standing to bring because those Avoidance Claims belong to the Debtor's estate.

4. The Committee is the party authorized to propose or accept a settlement of this Adversary Proceeding, or part thereof, by entering into a settlement agreement, subject to Court approval pursuant to Federal Rule of Bankruptcy Procedure 9019.

---

[1] Any terms not otherwise defined in the Order have the meanings ascribed to them in the Stipulation

5. The Debtor is not foreclosed from objecting to any proposed settlement of this Adversary Proceeding, or any part thereof.

6. Any Court determination in this Adversary Proceeding is binding as to the Debtor and its estate notwithstanding that the Committee is currently the only defendant to this Adversary Proceeding.

7. Nothing contained in the Stipulation prohibits the Debtor from participating in this Adversary Proceeding pursuant to the Federal Rules of Bankruptcy Procedure.

#####