UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re:

Archdiocese of Milwaukee,      Chapter 11

    Debtor.      Bankruptcy Case No. 11-20059-SVK

---

Archdiocese of Milwaukee Catholic
Cemetery Perpetual Care Trust, on behalf of
itself and its beneficiaries,

    Adv. Proc. No. 11-2459-SVK

    Plaintiff,

v.

Official Committee of Unsecured Creditors,

    Defendant.

---

Official Committee of Unsecured Creditors,

    Counterclaimant,

v.

Archdiocese of Milwaukee Catholic
Cemetery Perpetual Care Trust; and
Archbishop Jerome E. Listecki, Archbishop
of the Archdiocese of Milwaukee, in his
capacity as sole Trustee of the Archdiocese
of Milwaukee Catholic Cemetery Perpetual
Care Trust,

    Counterdefendants.

---

## COUNTERDEFENDANTS' ANSWER TO COUNTERCLAIMS

---

Timothy F. Nixon
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202-3590
Phone: 414-273-3500
Fax: 414-273-5198
tnixon@gklaw.com

William E. Duffin
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202-3590
Phone: 414-273-3500
Fax: 414-273-5198
weduffin@gklaw.com

Matthew M. Wuest
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202-3590
Phone: 414-273-3500
Fax: 414-273-5198
mwuest@gklaw.com

Case 11-02459-svk    Doc 24    Filed 10/14/11    Page 1 of 15

Plaintiff / Counterdefendant Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust (the "Trust"), and Counterdefendant Archbishop Jerome E. Listecki, in his capacity as sole Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust, and not as an individual ("Archbishop Listecki"), by their attorneys, Godfrey & Kahn, S.C., for their Answer to Defendant / Counterclaimant Official Committee of Unsecured Creditors' (the "Committee") Counterclaims, hereby responds as follows:

## INTRODUCTION

1. Admit that on June 28, 2011, the Trust filed a Complaint seeking a declaratory judgment that the Trust, and the perpetual care funds held therein, are not property of the bankruptcy estate of the Archdiocese of Milwaukee ("Debtor" or "AOM"); admit that the Committee is the only defendant named by the Trust in the adversary proceeding captioned above; lack knowledge and information sufficient to form a belief as to the truth of the allegations relating to what beliefs the Committee currently holds and, therefore, deny the same; admit that the Archbishop of Milwaukee of the Roman Catholic Church is the sole member of the AOM; admit that the Archbishop of the AOM executed the trust agreement establishing, and currently serves as the sole trustee of, the Trust that was formally established under the statutes of the State of Wisconsin in 2007; and deny all remaining allegations contained in Paragraph 1.

2. Admit that, pursuant to a stipulation, the Committee is granted derivative standing to assert and litigate certain Counterclaims, but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, deny the same.

3. Admit that the Committee seeks the relief indicated in Paragraph 3, but deny any allegation that the Committee is entitled to such relief.

4. Admit that the Trust was formally established under the statutes of the State of Wisconsin in 2007; admit that in 2007 the Debtor was defending itself in Wisconsin state court against lawsuits for damages relating to sex abuse allegations; admit that the Committee makes the contentions indicated in Paragraph 4, but deny the truth of matters asserted therein; admit that in or around March 2008 approximately $55 million in funds then held in trust for the perpetual care of the Milwaukee Catholic Cemeteries were used to fund the Trust; lack knowledge and information sufficient to form a belief as to the truth of the allegations relating to what information the Committee currently has, or what beliefs it currently holds, and therefore deny the same; and deny all remaining allegations in Paragraph 4.

5. Admit.

## JURISDICTION

6. Admit.

7. Admit.

8. Admit.

## PARTIES

9. Admit.

10. Admit.

11. Admit that the Trust alleges that on or about April 2, 2007, the Trust was formally established under the statutes of the State of Wisconsin pursuant to the trust agreement, but deny any allegation in Paragraph 11 that amounts used to initially fund the Trust were not also held in trust prior to the Trust's formal establishment.

12. Affirmatively state that the Archbishop of Milwaukee of the Roman Catholic Church is the sole member of the AOM, and admit the remaining allegations in Paragraph 12.

## BACKGROUND

A. <u>Creation and Funding of the Alleged Trust</u>

13. Admit that, prior to the commencement of the action captioned above, various plaintiffs filed suit against the Debtor in Wisconsin state court seeking damages for alleged sex abuse, but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, deny the same.

14. Admit.

15. Admit that some of the actions referenced in Paragraph 13 were stayed due to the filing of the Debtor's bankruptcy case.

16. Admit that, on or about April 2, 2007, Archbishop Timothy M. Dolan executed the trust agreement; respectfully refer the Court to the trust agreement for its complete and correct contents, the terms of which speak for themselves; and deny the remaining allegations in Paragraph 16.

17. Admit that the Debtor is obligated to operate and maintain certain cemeteries and mausoleums and, with respect to the remaining allegations in Paragraph 17, respectfully refer the Court to the trust agreement and the Debtor's summary of schedules for their complete and correct contents, the terms of which speak for themselves.

18. Admit that the Wisconsin Supreme Court's decisions referenced in Paragraph 18 speak for themselves, and respectfully refer the Court to these decisions for their complete and correct contents.

19. Admit that, in or around March 2008, the Debtor transferred approximately $55 million previously held in trust for those interred in the Debtor's cemeteries and mausoleums to

an account at U.S. Bank, and deny any allegation in Paragraph 19 inconsistent with this response.

20. Deny that the funds referenced in Paragraph 20 were not held in trust prior to their transfer to the U.S. Bank account, and affirmatively states that at all times prior to such transfer the funds were held in a charitable and/or resulting charitable trust for the benefit of those interred in the Debtor's cemeteries and mausoleums.

21. Deny that funds held in trust for the benefit of those interred in the Debtor's cemeteries and mausoleums were commingled with non-trust funds, and lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and, therefore, deny the same.

22. Lack knowledge and information sufficient to form a belief as to what information the Committee has, or what beliefs it currently holds, and therefore deny the allegations in Paragraph 22.

23. Lack knowledge and information sufficient to form a belief as to what information the Committee has, or what beliefs it currently holds, and therefore deny the allegations in Paragraph 23.

24. Lack knowledge and information sufficient to form a belief as to what information the Committee has, or what beliefs it currently holds, and therefore deny the allegations in Paragraph 24.

25. Lack knowledge and information sufficient to form a belief as to the contents of the Debtor's Great Plains accounting system; lack knowledge and information sufficient to form a belief as to what information the Committee has, or what beliefs it currently holds and,

therefore, deny the allegations relating to the same; and deny the remaining allegations in Paragraph 25.

B. <u>The Bankruptcy Case</u>

26. Admit.

C. <u>The Trust Litigation</u>

27. Admit.

## FIRST COUNTERCLAIM

**(Avoidance and Recovery of Fraudulent Initial $55 Million Transfer**

**Pursuant to 11 U.S.C. §§ 544(b) and 550, and**

**Wis. Stat. 242.04(1)(a) and 242.07)**

**<u>(against both Defendants)</u>**

28. Admit and deny the allegations in Paragraph 28 as they admitted and denied the allegations of the paragraphs incorporated herein.

29. Deny.

30. Deny that any creditors hold viable claims against the Trust, or the assets held therein, and therefore deny the allegations in Paragraph 30.

31. Deny.

32. Deny.

## SECOND COUNTERCLAIM

**(Avoidance and Recovery of Fraudulent Initial $55 Million Transfer**

**Pursuant to 11 U.S.C. §§ 544(b) and 550, and**

**Wis. Stat. 242.04(1)(b) and 242.07)**

**<u>(against both Defendants)</u>**

33. Admit and deny the allegations in Paragraph 33 as they admitted and denied the allegations of the paragraphs incorporated herein.

34. Deny.

35. Lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, deny the same.

36. Deny that any creditors hold viable claims against the Trust, or the assets held therein, and therefore deny the allegations in Paragraph 36.

37. Deny.

38. Deny.

## THIRD COUNTERCLAIM

### (Avoidance and Recovery of Fraudulent Initial $55 Million Transfer

### Pursuant to 11 U.S.C. §§ 544(b) and 550, and

### Wis. Stat. 242.05(1) and 242.07)

### (against both Defendants)

39. Admit and deny the allegations in Paragraph 39 as they admitted and denied the allegations of the paragraphs incorporated herein.

40. Deny.

41. Lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, deny the same.

42. Deny that any creditors hold viable claims against the Trust, or the assets held therein, and therefore deny the allegations in Paragraph 42.

43. Deny.

44. Deny.

## FOURTH COUNTERCLAIM

## (Avoidance and Recovery of Fraudulent Subsequent Transfers

## Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550)

## (against both Defendants)

45. Admit and deny the allegations in Paragraph 45 as they admitted and denied the allegations of the paragraphs incorporated herein.

46. Lack knowledge and information sufficient to form a belief as to what information the Committee has, or what beliefs it currently holds and, therefore, deny the allegations in Paragraph 46.

47. Deny.

48. Deny.

49. Deny.

## FIFTH COUNTERCLAIM

## (Avoidance and Recovery of Fraudulent Subsequent Transfers

## Pursuant to 11 U.S.C. §§ 544(b) and 550, and

## Wis. Stat. 242.04(1)(a) and 242.07)

## (against both Defendants)

50. Admit and deny the allegations in Paragraph 50 as they admitted and denied the allegations of the paragraphs incorporated herein.

51. Deny.

52. Deny that any creditors hold viable claims against the Trust, or the assets held therein, and therefore deny the allegations in Paragraph 52.

53. Deny.

54. Deny.

## SIXTH COUNTERCLAIM

### (Avoidance and Recovery of Fraudulent Subsequent Transfers

### Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)

### (against both Defendants)

55. Admit and deny the allegations in Paragraph 55 as they admitted and denied the allegations of the paragraphs incorporated herein.

56. Deny.

57. Lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, deny the same.

58. Deny.

59. Deny.

## SEVENTH COUNTERCLAIM

### (Avoidance and Recovery of Fraudulent Subsequent Transfers

### Pursuant to 11 U.S.C. §§ 544(b) and 550, and Wis. Stat. 242.04(1)(b) and 242.07)

### (against both Defendants)

60. Admit and deny the allegations in Paragraph 60 as they admitted and denied the allegations of the paragraphs incorporated herein.

61. Deny.

62. Lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, deny the same.

63. Deny that any creditors hold viable claims against the Trust, or the assets held therein, and therefore deny the allegations in Paragraph 63.

64. Deny.

65. Deny.

## EIGHTH COUNTERCLAIM

**(Avoidance and Recovery of Fraudulent Subsequent Transfers**

**Pursuant to 11 U.S.C. §§ 544(b) and 550, and Wis. Stat. 242.05(1) and 242.07)**

**(against both Defendants)**

66. Admit and deny the allegations in Paragraph 66 as they admitted and denied the allegations of the paragraphs incorporated herein.

67. Deny.

68. Lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, deny the same.

69. Deny that any creditors hold viable claims against the Trust, or the assets held therein, and therefore deny the allegations in Paragraph 69.

70. Deny.

71. Deny.

## NINTH COUNTERCLAIM

**(Avoidance and Recovery of Preferential Subsequent Transfers**

**Pursuant to 11 U.S.C. §§547 and 550)**

**(against both Defendants)**

72. Admit and deny the allegations in Paragraph 72 as they admitted and denied the allegations of the paragraphs incorporated herein.

73. Deny that the Debtor transferred funds to the Trust on account of an antecedent debt, and lack knowledge and information sufficient to form a belief as to what information the

Committee has, or what beliefs it currently holds and, therefore, deny the remaining allegations in Paragraph 73.

74. Admit that Section 101(31) of the Bankruptcy Code speaks for itself, and respectfully refer the Court to Section 101(31) for its complete and correct contents; admit that Archbishop Listeki is currently the sole Trustee of the Trust; and deny the remaining allegations in Paragraph 74.

75. Lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, deny the same.

76. Deny that the Debtor transferred funds to the Trust on account of an antecedent debt and, therefore, deny the allegations in Paragraph 76.

77. Deny.

78. Deny.

## TENTH COUNTERCLAIM

**(Declaratory Relief: The Funds and Assets in the Trust are Property of the Debtor's Estate under Section 541(a)(1))**

**(against both Defendants)**

79. Admit and deny the allegations in Paragraph 79 as they admitted and denied the allegations of the paragraphs incorporated herein.

80. Admit that the trust agreement speaks for itself, and respectfully refer the Court to the agreement for its complete and correct contents; lack knowledge and information sufficient to form a belief as to what information the Committee has, or what beliefs it currently holds, and therefore deny the allegations relating to the same; and deny the remaining allegations in Paragraph 80.

11

81. Deny.

82. Deny.

83. Admit that, in its Complaint, the Trust alleges that the Debtor has no rights or interests in the funds held in the Trust, except to the extent the Debtor receives distributions from the Trust to assist the Debtor in performing the ministry of the Roman Catholic Church through the perpetual caretaking services it provides, and deny the remaining allegations in Paragraph 83.

84. Admit that the Committee prays for the declaratory judgment indicated in Paragraph 84, but deny any allegation that the Committee is entitled to such relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Failure to State a Claim

The Committee's Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense: Waiver, Estoppel and Unclean Hands

The Committee's Counterclaims are barred by the equitable doctrines of waiver, estoppel and unclean hands.

### Third Affirmative Defense: Statute of Limitations

The Committee's Counterclaims are barred by the applicable statutes of limitations.

### Fourth Affirmative Defense: Contemporaneous Exchange For Value

Counterdefendants deny that they received any transfer from the Debtor that could be avoided as a preference under 11 U.S.C. § 547. Subject to, and without waiving their denial to having received any preferential transfer, to the extent that the Committee is able to prove that a transfer was made to the Counterdefendants during the preference period, any such transfers may not be avoided because, pursuant to 11 U.S.C. § 547(c)(1), any such transfer was a contemporaneous exchange for value.

### Fifth Affirmative Defense: Ordinary Course of Business

Counterdefendants deny that they received any transfer from the Debtor that could be avoided as a preference under 11 U.S.C. § 547. Subject to, and without waiving their denial to having received any preferential transfer, to the extent that the Committee is able to prove that a transfer was made to the Counterdefendants during the preference period, any such transfers may not be avoided because, pursuant to 11 U.S.C. § 547(c)(2)(A), all transfers received were all made in the ordinary course of business or financial affairs of the Debtor and transferee.

### Sixth Affirmative Defense: Ordinary Course of Business

Counterdefendants deny that they received any transfer from the Debtor that could be avoided as a preference under 11 U.S.C. § 547. Subject to, and without waiving their denial to having received any preferential transfer, to the extent that the Committee is able to prove that a transfer was made to the Counterdefendants during the preference period, any such transfers may not be avoided because, pursuant to 11 U.S.C. § 547(c)(2)(B), all transfers received were made according to ordinary business terms.

### Seventh Affirmative Defense: Subsequent New Value

Counterdefendants deny that they received any transfer from the Debtor that could be avoided as a preference under 11 U.S.C. § 547. Subject to, and without waiving their denial to having received any preferential transfer, to the extent that the Committee is able to prove that a transfer was made by the Debtor to the Counterdefendants during the preference period, any such transfers may not be avoided because, pursuant to 11 U.S.C. § 547(c)(2), subsequent to each transfer, the Counterdefendants provided value for the benefit of the Debtor, not secured by an otherwise unavoidable security interest, and on account of

which new value the Debtor did not make an otherwise avoidable transfer to or for the benefit of the Counterdefendants.

### Eighth Affirmative Defense: Reasonably Equivalent Value

Counterdefendants deny that they received any transfer from the Debtor that could be avoided as a fraudulent transfer under 11 U.S.C. § 548. Subject to, and without waiving their denial to having received a fraudulent transfer, to the extent that the Committee is able to prove that a transfer was made to the Counterdefendants during the applicable avoidance period, any such transfers may not be avoided because, the Debtor received reasonably equivalent value on account of each transfer.

### Ninth Affirmative Defense: Failure to Meet Burden

Counterdefendants deny that any transfer was for or to the benefit of a creditor, that there was an antecedent debt, that the Debtor was insolvent, that the transfer was within the applicable preference period, and that the Trust received more than it would have in a Chapter 7 bankruptcy proceeding.

### Tenth Affirmative Defense: Violation of Wisconsin Statutes, Regulations and Public Policy

Counterdefendants assert that, to the extent the Committee is seeking payment from the Trust, payment of those funds may violate Wisconsin's laws and regulations pertaining to cemeteries, as well as Wisconsin public policy.

WHEREFORE, Counterdefendants Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust and Archbishop Jerome E. Listecki demand judgment dismissing Counterclaimant Official Committee of Unsecured Creditors' Counterclaims and awarding the Counterdefendants their costs, fees, including attorneys fees, and such other relief as the Court deems just and equitable.

Dated this 14th day of October, 2011.

                                                GODFREY & KAHN, S.C.

                                                /s/ *Timothy F. Nixon*
                                                Timothy F. Nixon
                                                William E. Duffin
                                                Matthew M. Wuest
                                                780 North Water Street
                                                Milwaukee, WI 53202-3590
                                                Phone:   414-273-3500
                                                Fax:      414-273-5198
                                                Email:   tnixon@gklaw.com
                                                               weduffin@gklaw.com
                                                               mwuest@gklaw.com

                                              *Attorneys for Plaintiff / Counterdefendant*
                                              *Archdiocese of Milwaukee Catholic Cemetery*
                                              *Perpetual Care Trust and Counterdefendant*
                                              *Archbishop Jerome E. Listecki*

6962833_1