IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 11 |
| Archdiocese of Milwaukee, | Bankruptcy Case No. 11-20059-SVK |
| Debtor. | |
| Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust on behalf of itself and its beneficiaries, | Adv. Proc. No. 11-02459-SVK |
| Plaintiff, | |
| vs. | |
| Official Committee of Unsecured Creditors, | |
| Defendant. | |
| Official Committee of Unsecured Creditors, | |
| Counterclaimant, | |
| vs. | |
| Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust; and Archbishop Jerome E. Listecki, Archbishop of the Archdiocese of Milwaukee, in his capacity as sole Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust, | |
| Counterdefendants. | |

## JOINT PRE-TRIAL CONFERENCE STATUS REPORT

James I. Stang (CA Bar No. 94435)
Kenneth H. Brown (CA Bar No. 100396)
Gillian N. Brown (CA Bar No. 205132)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jstang@pszjlaw.com
 kbrown@pszjlaw.com
 gbrown@pszjlaw.com

Timothy F. Nixon
William E. Duffin
Matthew M. Wuest
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202
Telephone: 414-273-3500
Facsimile: 414-273-5198
Email: tnixon@gklaw.com
 weduffin@gklaw.com
 mwuest@gklaw.com

In advance of the October 18, 2011 pre-trial conference in the above-captioned adversary proceeding (the "Adversary"), the parties submit this *Joint Pre-Trial Status Report* at the request of the Court..

## I. PLEADINGS/SERVICE

### A. The Complaint

Service of the Complaint has been accomplished. On July 7, 2011, the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust on behalf of itself and its beneficiaries (the "Trust"), served the Summons and Complaint (the "Complaint") on Defendant, the Official Committee of Unsecured Creditors (the "Committee").

### B. The Counterclaims

On September 12, 2011, the Committee filed its *Answer, Affirmative Defenses, and Counterclaims* (the "Counterclaims"). On October 12, 2011, the Court granted the *Joint Motion to Join as Counterdefendant Archbishop Listecki, in His Capacity as Sole Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust*, in order to join the Archbishop as a counterdefendant to the Counterclaims. On October 14, 2011, the Trust and the Archbishop filed *Counterdefendants' Answer to Counterclaims*, which included affirmative defenses.

## II. DISCOVERY AND TRIAL ISSUES

### A. Bifurcation at Trial

The parties have discussed, and suggest to the Court, that the Adversary be bifurcated into at least two phases for the purposes of trial. Phase I of the Adversary would address the

1

following issues: (i) whether the approximately $55 million, with which the Trust was funded in March 2008, were held in trust prior to this transfer; (ii) whether the alleged trust funds transferred to the Trust had been commingled with the Debtor's funds prior to the time they were transferred; and (iii) if the alleged trust funds were commingled with funds of the Debtor in the Debtor's accounts prior to the transfer in March 2008, whether the alleged trust funds need to be or, if so, can be traced. The parties believe that this first phase of the trial would address the following claims and affirmative defenses in the pleadings:

1. both of the declaratory relief claims for relief in the Complaint (whether alleged trust assets are property of the estate and whether those alleged trust assets are specifically excluded as estate property);

2. the Committee's following affirmative defenses in its Answer: Fourth (the Trust is not a valid trust); Sixth (identifying/tracing alleged trust assets); and Ninth (unclean hands);

3. the Committee's Tenth Claim for Relief in its Counterclaim (seeking declaratory relief that the funds and assets in the Trust are property of the estate because the alleged trust assets cannot be traced[1];

---

[1] The Committee's Tenth Claim for Relief seeks declaratory relief that the assets in the Trust are property of the estate on the grounds that (i) the Trust is void under the doctrine of merger and/or is the alter ego of the Debtor; and (ii) the assets in the Trust were commingled with non-alleged trust funds before they were transferred to the Trust and cannot be traced. If the issues are bifurcated for trial along the lines suggested here, it may be necessary for the Committee to amend its Tenth Counterclaim to set forth the merger/alter ego claims in one claim for relief and the tracing claims in another.

2

Depending on the results of the Phase I trial, the Court and the parties can address what, if any, additional issues need to be addressed in a subsequent trial. No Bifurcation of Discovery

In order that the parties have sufficient information with which to make determinations concerning a potential early resolution of this Adversary (through settlement negotiations, mediation, or otherwise) all issues raised by the Complaint, the Counterclaims, and affirmative defenses to the Complaint and Counterclaims shall be subject to discovery in Phase I.

    **B.** **Phase I of the Adversary**

        1. <u>Rule 26(f) Conference</u>: The parties suggest that they hold a Rule 26(f) conference on or before **November 11, 2011**. The parties will be exempt from the requirement that they prepare a written Rule 26(f)(2) and Rule 26(f)(3) discovery plan.

        2. <u>Initial Disclosures</u>: By **November 23, 2011**, the parties shall serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), made applicable to this Adversary pursuant to Federal Rule of Bankruptcy Procedure 7026.

        3. <u>Status Conferences</u>: The parties respectfully request that the Court set periodic, telephonic status conferences at its convenience to address the progress of the Adversary and that the first status conference be held in approximately 60 days to address the progress of discovery.

4. <u>Fact Discovery</u>: The Committee requests that a discovery cut-off not be set at the present time. The parties anticipate that fact discovery will require the parties to propound written discovery (requests for production, interrogatories, and requests for admission), to subpoena third parties (including the Debtor and banking institutions), and to take depositions. All of the documents that are necessary for the parties to analyze whether the funds transferred to the Trust were commingled with the Debtor's funds prior to the transfer are in the possession of third parties (banks and the Debtor). The same is true for any documents that may evidence that the funds were held in trust before they were transferred to the Trust. Moreover, because the Debtor is not a party to the Adversary, it may not be subject to the same discovery that a party would be. The Committee requests that it be provided an opportunity to serve formal document requests and subpoenas to obtain these critical documents and report back to the Court in approximately 60 days on the status of this discovery. The Committee believes that within 60 days, a more informed decision can be made with respect to a meaningful and reasonable discovery cut-off, as well as other scheduling issues.

5. <u>Other Scheduling:</u> The Committee believes that other scheduling matters in the Adversary should be considered at the suggested status

conference to be held in approximately 60 days, including an expert discovery cut off, case dispositive motion deadlines, and the setting of a trial date.

**C.** **Phase II**

Upon resolution of Phase I of the Adversary, the parties will seek a status conference with the Court to address the timing of Phase II (if litigation of Phase II is necessary).

[remainder of page left intentionally blank]

### III. SETTLEMENT

Due to the fact that this Adversary is still in its early stages, the parties have not yet discussed settlement. The parties all believe that at least some discovery should be taken before they are in a position to hold settlement discussions either with or without a mediator.

Dated: October 28, 2011

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/*
    James I. Stang (CA Bar No. 94435)
    Kenneth H. Brown (CA Bar No. 100396)
    Gillian N. Brown (CA Bar No. 205132)
    Pachulski Stang Ziehl & Jones LLP
    10100 Santa Monica Blvd., 13th Floor
    Los Angeles, CA 90067
    Telephone: (310) 277-6910
    Facsimile: (310) 201-0760
    E-mail: jstang@pszjlaw.com
           kbrown@pszjlaw.com
           gbrown@pszjlaw.com

-and-

Albert Solochek (State Bar No. 1011075)
Jason R. Pilmaier (State Bar No. 1070638)
Howard, Solochek & Weber, S.C.
324 E. Wisconsin Ave., Suite 1100
Milwaukee, WI 53202
Telephone: (414) 272-0760
Facsimile: (414) 272-7265
E-mail: asolochek@hswmke.com
       jpilmaier@hswmke.com

Attorneys for Defendant/Counterclaimant

Dated: October 28, 2011

Respectfully submitted,

GODFREY & KAHN, S.C.

By  */s/*
Timothy F. Nixon
William E. Duffin
Matthew M. Wuest
780 North Water Street
Milwaukee, WI 53202-3590
Phone: 414-273-3500
Fax: 414-273-5198
Email: tnixon@gklaw.com
weduffin@gklaw.com
mwuest@gklaw.com