UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARCHDIOCESE OF MILWAUKEE, | ) | Bankruptcy Case No. 11-20059-SVK |
| | ) | |
| Debtors, | ) | (Jointly Administered) |
| | ) | |
| Archbishop Jerome E. Listecki, as Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust, | ) ) ) ) | |
| Plaintiff, | ) | Adv. No. 11-02459 |
| | ) | |
| v. | ) | |
| | ) | |
| Official Committee of Unsecured Creditors, | ) ) | |
| Defendant. | | |

**SECOND STIPULATION REGARDING THE OFFICIAL COMMITTEE OF UNSECURED CREDITOR'S STANDING TO DEFEND THE ADVERSARY PROCEEDING, BRING AVOIDANCE CLAIMS RELATED TO THE AMENDED COMPLAINT, AND LITIGATE AND PROPOSE OR ACCEPT A SETTLEMENT OF THE ADVERSARY PROCEEDING, OR PART THEREOF**

The Archdiocese of Milwaukee (the "Debtor"); Plaintiff Archbishop Jerome E. Listecki, as Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust (the "Archbishop" or the "Plaintiff"); and Defendant, the Official Committee of Unsecured Creditors (the "Committee," and collectively with the Debtor and the Trustee, the "Parties"), hereby state and stipulate as follows (the "Stipulation"):

### RECITALS

A. Whereas, on June 28, 2011, the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust (the "Trust"), on behalf of itself and its alleged beneficiaries, commenced

the above-referenced adversary proceeding (the "Adversary Proceeding") by filing a complaint against the Committee, which asserted declaratory relief claims that the alleged trust is not property of the Debtor's estate, that funds designated for perpetual care of the Milwaukee Catholic Cemeteries are not property of the Debtor's estate, and for such other relief as the Court deemed just and appropriate; and

B. Whereas, on January 13, 2012, the Archbishop filed an Amended Complaint (the "Amended Complaint") against the Committee, substituting the Archbishop for the Trust as plaintiff, and asserting declaratory relief claims that the alleged trust and the assets of the alleged trust are not property of the Debtor's estate, and for violation of the First Amendment and/or the Religious Freedom and Restoration Act; and

C. Whereas, the Committee believes there are valid defenses to the claims for relief set forth in the Amended Complaint, including potential counterclaims and affirmative defenses under 11 U.S.C. §§ 542, 544, 547, 548, 549, and 550, and Wisconsin law, that directly relate to the property in dispute (the "Avoidance and Turnover Claims"); and the Committee has analyzed those Avoidance and Turnover Claims, and provided its analysis to the Debtor; and the Committee has also analyzed potential counterclaims and affirmative defenses other than the Avoidance Claims (the "Other Claims"); and

D. Whereas, the Debtor has analyzed the Amended Complaint and does not dispute the arguments of the Archbishop as asserted in the Amended Complaint; and

E. Whereas, the Debtor also believes it and/or its officers and directors may have the duty under applicable state law to use the funds that comprise the alleged trust for the purposes allegedly intended by the donors or contributors of those funds which is inconsistent with the Committee's position on the Amended Complaint; and

F.	Whereas, the Parties believe the Committee, not the Debtor, is in the best position to defend against the allegations and claims for relief in the Amended Complaint, and pursue the Avoidance and Turnover Claims and Other Claims.

## STIPULATION

Consistent with the recitals set forth in paragraphs A through F, above, the Parties agree and stipulate as follows:

1.	The Debtor is not required to assert any Avoidance and Turnover Claims in the Adversary Proceeding.

2.	The Committee may defend against the allegations and claims for relief in the Amended Complaint on behalf of the Debtor's estate.

3.	The Committee is granted derivative standing to assert and litigate the Avoidance and Turnover Claims against the Archbishop for the benefit of the Debtor's estate, including, but not limited to, any Avoidance and Turnover Claims that, if not for the Court's order approving this Stipulation, the Committee would not have had standing to bring because those Avoidance and Turnover Claims belong to the Debtor's estate.

4.	The Committee is the party authorized to propose or accept a settlement of this Adversary Proceeding, or part of this Adversary Proceeding, by entering into a settlement agreement subject to Court approval pursuant to Federal Rule of Bankruptcy Procedure 9019.

5.	The Debtor is not foreclosed from objecting to any proposed settlement of this Adversary Proceeding, or part of this Adversary Proceeding. The Debtor's objection to any portion of a settlement shall not be based on the Committee's inability to exercise business judgment in place of the Debtor.

6. Any Court determination in this Adversary Proceeding is binding as to the Debtor and its estate notwithstanding that the Committee is currently the only defendant to this Adversary Proceeding.

7. Nothing contained in this Stipulation prohibits the Debtor from participating in this Adversary Proceeding pursuant to the Federal Rules of Bankruptcy Procedure.

Dated at Milwaukee, Wisconsin this 30th day of January, 2012.

                ARCHDIOCESE OF MILWAUKEE
                Debtor and Debtor-in-Possession
                By its counsel,
                Whyte Hirschboeck Dudek S.C.

                By: /s/Daryl L. Diesing
                      Daryl L. Diesing
                      State Bar No. 1005793
                      Bruce G. Arnold
                      State Bar No. 1002833
                      Michael E. Gosman
                      State Bar No. 1078872

POST OFFICE ADDRESS:
555 East Wells Street, Suite 1900
Milwaukee, WI 53202
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
E-mail: ddiesing@whdlaw.com
        barnold@whdlaw.com
        mgosman@whdlaw.com

Dated at Milwaukee, Wisconsin this 30th day of January, 2012.

                GODFREY & KAHN, S.C.

By: /s/ William E. Duffin
    Timothy F. Nixon
    William E. Duffin
    780 North Water Street
    Milwaukee, WI 53202-3590
    Phone: (414) 273-3500
    Fax: (414) 273-5198
    Email: tnixon@gklaw.com
             weduffin@gklaw.com

*Attorneys for Plaintiff Archbishop Jerome E. Listecki, as Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust*

Dated at San Francisco, California this 30th day of January, 2012.

        PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ Kenneth H. Brown
James I. Stang (CA Bar No. 94435)
Kenneth H. Brown (CA Bar No. 100396)
Gillian N. Brown (CA Bar No. 205132)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6190
Fax: (310) 201-0760
E-mail: jstang@pszjlaw.com
        kbrown@pszjlaw.com
        gbrown@pszjlaw.com

-and-

Albert Solochek
(State Bar No. 1011075)
Jason R. Pilmaier
(State Bar No. 1070638)
Howard, Solochek & Weber, S.C.
324 East Wisconsin Ave., Suite 1100
Milwaukee, WI 53202
Tel: (414) 272-0760
Fax: (414) 272-7265
E-mail: asolochek@kswmke.com
        jpilmaier@kswmke.com

*Attorneys for the Committee of Unsecured Creditors*