THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: February 2, 2012



Honorable Susan V. Kelley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | ) Chapter 11 |
| ARCHDIOCESE OF MILWAUKEE, | ) Bankruptcy Case No. 11-20059-SVK |
| Debtors, | ) (Jointly Administered) |
| Archbishop Jerome E. Listecki, as Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust, | ) |
| Plaintiff, | ) Adv. No. 11-02459 |
| v. | ) |
| Official Committee of Unsecured Creditors, | ) |
| Defendant. | ) |

**ORDER APPROVING SECOND STIPULATION REGARDING THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS' STANDING TO DEFEND THE
ADVERSARY PROCEEDING, BRING AVOIDANCE CLAIMS RELATED TO THE
AMENDED COMPLAINT, AND LITIGATE AND PROPOSE OR ACCEPT A
SETTLEMENT OF THE ADVERSARY PROCEEDING, OR PART THEREOF**

This matter having come before the Court on the *Second Stipulation Regarding the Official Committee of Unsecured Creditors' Standing to Defend the Adversary Proceeding, Bring Avoidance Claims Related to the Amended Complaint, and Litigate and Propose or Accept a Settlement of the Adversary Proceeding, or Part Thereof,* filed by the Archdiocese of Milwaukee (the "Debtor"); Plaintiff Archbishop Jerome E. Listecki, as Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust (the "Archbishop" or the "Plaintiff"); and Defendant, the Official Committee of Unsecured Creditors (the "Committee," and collectively with the Debtor and the Trustee, the "Parties"), hereby state and stipulate as follows (the "Stipulation"):[1]

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Debtor is not required to assert any Avoidance and Turnover Claims in the Adversary Proceeding.

2. The Committee may defend against the allegations and claims for relief in the Amended Complaint on behalf of the Debtor's estate.

3. The Committee is granted derivative standing to assert and litigate the Avoidance and Turnover Claims against the Archbishop for the benefit of the Debtor's estate, including, but not limited to, any Avoidance and Turnover Claims that, if not for the Court's order approving this Stipulation, the Committee would not have had standing to bring because those Avoidance and Turnover Claims belong to the Debtor's estate.

---

[1] All terms not otherwise defined in this Order shall have the meanings ascribed to them in the Stipulation.

4. The Committee is the party authorized to propose or accept a settlement of this Adversary Proceeding, or part of this Adversary Proceeding, by entering into a settlement agreement subject to Court approval pursuant to Federal Rule of Bankruptcy Procedure 9019.

5. The Debtor is not foreclosed from objecting to any proposed settlement of this Adversary Proceeding, or part of this Adversary Proceeding. The Debtor's objection to any portion of a settlement shall not be based on the Committee's inability to exercise business judgment in place of the Debtor.

6. Any Court determination in this Adversary Proceeding is binding as to the Debtor and its estate notwithstanding that the Committee is currently the only defendant to this Adversary Proceeding.

7. Nothing contained in this Stipulation prohibits the Debtor from participating in this Adversary Proceeding pursuant to the Federal Rules of Bankruptcy Procedure.

#####