THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: May 21, 2013



Susan V. Kelley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Bankr. Case No. 11-20059-svk |
| Archdiocese of Milwaukee, | Chapter 11 |
| Debtor. | |
| Archbishop Jerome E. Listecki, as Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Trust, | Adv. Pro No. 11-02459-svk |
| Plaintiff, | |
| vs. | |
| Official Committee of Unsecured Creditors, | |
| Defendant. | |

### ORDER ON MOTION TO STAY ADVERSARY PROCEEDING

Daryl L. Diesing
Bruce G. Arnold
Francis H. LoCoco
Whyte Hirschboeck Dudek S.C.
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
Telephone: (414) 978-5305
Facsimile: (414) 223-5000
Email: ddiesing@whdlaw.com

Upon consideration of the Archdiocese of Milwaukee's (the "Debtor" or the "Archdiocese") Motion to Stay Adversary Proceeding (the "Motion") [Case No. 11-02459, Dkt. No. 91] for an order staying the above-captioned adversary-proceeding (the "Cemetery Trust Adversary Proceeding"); the Court having heard the arguments of counsel at hearings held on April 30, 2013 and May 3, 2013 including the areas of agreement about implementing the stay; and the Court having determined that just cause exists for the relief granted herein;

It is hereby ordered:

1. The Motion is GRANTED to the extent consistent with this Order.

2. Except as provided below, all proceedings and discovery in the Cemetery Trust Adversary Proceeding are stayed (the "Stay Period") until the later of (i) ninety (90) days from May 3, 2013 (August 1, 2013) or (ii) thirty (30) days after the United States District Court for the Eastern District of Wisconsin (the "District Court") issues a decision on the appeal of issues currently pending before it related to the First Amendment of the United States Constitution and the Religious Freedom Restoration Act in (Case No. 13-C-179) (the "RFRA Appeal").

3. The Debtor will not settle the Cemetery Trust Adversary Proceeding outside the context of a plan during the Stay Period and, if the Debtor files a plan of reorganization and disclosure statement during the pendency of the Stay Period and asks the Court to schedule a hearing to approve the disclosure statement, the Stay Period will terminate immediately with respect to discovery which will be needed for disclosure statement and plan of reorganization purposes, subject to further order(s) of the Court as to the scope of discovery. All parties' rights are reserved with respect to discovery requests and objections.

4. Any plan of reorganization filed during the Stay Period by the Debtor will not classify the abuse survivor claims with other types of claims in this case.

5. During the Stay Period, the parties may file any motions to compromise or settle claims, claims objections or the Cemetery Trust Adversary Proceeding if the Official Committee of Unsecured Creditors approves of the motion(s).

6. Briefing regarding the Debtor's objection to proof of claim 76 filed by Claimant A-12 (the "A-12 Objection") will continue pursuant to a schedule to be determined by Mr. Finnegan and the Debtor's counsel with briefing to be completed and exchanged between the parties within the Stay Period. However, the briefs will not be filed until the end of the Stay Period and the Court will not render a decision on the A-12 Objection until the Stay Period expires.

7. Parties to the bankruptcy case may file additional claims objections and claimants or their counsel may amend claims during the Stay Period. The London Market Insurers ("LMI") may file additional objections to the claim amendments. However, the parties are not to file additional motions for summary judgment with respect to claims or motions seeking resolution of claims objections by the Court during the Stay Period unless such motion is a settlement between parties to the claims.

8. Briefs in opposition to the LMI objections to claim amendments shall be filed on or before August 30, 2013 and reply briefs shall be filed on or before September 30, 2013. A hearing on the objections will be held on October 17, 2013 at 1:00 p.m.

9. The stay imposed by this Order is not intended to affect (i) the appeal proceedings currently pending in the United States Court of Appeals for the Seventh Circuit regarding the Debtor's objection to Debtor's Objection to Proof of Claim Number 131 Filed by Claimant A-49 (Case No. 12-3689); (ii) the appeal proceedings currently pending in the District Court regarding the Debtor's Objection to Proof of Claim Number 394 Filed by Claimant A-282 (Case No. 13-

3

419); (iii) the RFRA Appeal currently pending in the District Court; or (iv) the insurance coverage action filed by the Debtor as Adversary Number 12-02835-svk. Furthermore, the stay imposed by this Order does not prohibit the filing of other motions to advance this case or its administration such as motions to assume or reject executory contracts, motions for use or sale of property of the estate and other motions not related to the Cemetery Trust Adversary Proceeding.

WHD/9473741.3

#####