UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re<br>Archdiocese of Milwaukee,<br>                      Debtor. | Case No. 11-20059-svk<br>Chapter 11 |

Archbishop Jerome E. Listecki, as Trustee of the
Archdiocese of Milwaukee Catholic Cemetery
Perpetual Care Trust,
                      Plaintiff,      District Court Case No. 13-C-179
v.      Adv. Proc. No. 11-02459

Official Committee of Unsecured Creditors,
                      Defendant.

PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
PURSUANT TO REMAND

       The Archdiocese of Milwaukee (the "Debtor") filed a Chapter 11 bankruptcy petition on January 4, 2011. This adversary proceeding was filed on June 28, 2011 by Archbishop Jerome E. Listecki, as Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust (the "Archbishop") against the Official Committee of Unsecured Creditors (the "Committee") seeking a declaration that certain perpetual care funds that had been deposited in the "Cemetery Trust" were not property of the Debtor's bankruptcy estate. In 2012, the Archbishop amended the Complaint and added allegations that the Committee cannot use the Bankruptcy Code to make the Cemetery Trust property of the estate because doing so would violate the Religious Freedom Restoration Act of 1993 (42 U.S.C. § 200bb et. seq.) ("RFRA") and the First Amendment to the United States Constitution. The Committee filed a motion for partial summary judgment limited to the RFRA and the First Amendment claims.

On January 17, 2013, this Court issued a decision and order granting the Committee's motion, ruling that neither RFRA nor the First Amendment applied to prevent inclusion of the Cemetery Trust assets in the Debtor's bankruptcy estate. The Archbishop filed a timely motion for leave to appeal or to withdraw the reference or alternatively objections to this Court's proposed findings of fact and conclusions of Law. On April 10, 2013, the District Court granted the motion for leave to appeal. On July 29, 2013, the District Court reversed this Court's decision and remanded the matter for further proceedings.

In responding to the Committee's motion for summary judgment, the Archbishop asked the Court to grant summary judgment in the Archbishop's favor. *See* Fed. R. Bankr. P. 7056 incorporating Civ. P. 56(f)(1), cited in District Court Decision and Order at 25-26. Although the parties originally consented to this Court's entry of a final order on the entire adversary proceeding, after the Archbishop amended the Complaint, the parties withdrew their consent to this Court's entry of a final order on the RFRA and the First Amendment claims. The parties also stipulated that the RFRA and First Amendment claims are non-core under 28 U.S.C. § 157, a determination accepted by the District Court.

The District Court noted that the standard of review for proposed findings of fact and conclusions of law in non-core proceedings and questions of law on interlocutory appeals is the same -- *de novo* review – and used that standard in considering this Court's decision and order. After rejecting this Court's analysis that RFRA does not apply to a creditors' committee exercising a debtor-in-possession's standing to include property in a bankruptcy estate, the District Court concluded that RFRA and the First Amendment prevent the Committee from seeking to avoid, recover or include in the bankruptcy estate any portion of the Debtor's transfer of funds to the Cemetery Trust. In its decision, the District Court expressly denied the

Committee's argument that even if RFRA applies, a further factual determination of the substantial burden issue is necessary. (This argument claims that discovery might show that not all of the $55 million in the Cemetery Trust is needed to maintain the cemeteries.) Given this posture, there are no further issues to be determined on remand, and all that remains to be done is entry of a final order concluding this adversary proceeding.

However, the authority of this Bankruptcy Court to issue such a final order is unclear. Therefore, in order to facilitate the entry of a final appealable order, and consistent with the parties' stipulation and the District Court's instructions, this Court issues these proposed findings and conclusions of law for consideration by the District Court:

For the reasons stated in the District Court's July 29, 2013 Decision, the Committee's motion for summary judgment is denied and the Archbishop's motion for summary judgment is granted. This Court respectfully recommends that the District Court issue a final order to this effect without delay.

Dated: August 1, 2013

By the Court:

/s/ Susan Kelley
Susan V. Kelley
U.S. Bankruptcy Judge